IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **ROBERT HAMPTON TAYLOR,** | * | |
| Petitioner, | * | |
| v. | * | Civ. No. 23-538 PJM |
| **CRYSTAL CARTER,** Warden of FCI Cumberland, | * | |
| Respondent. | * | |

\*\*\*

## MEMORANDUM OPINION

Petitioner Robert Hampton Taylor has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241. He requests that the Court vacate his life sentence imposed in 2008 by the U.S. District Court for the Eastern District of North Carolina under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He argues that he is no longer classified as an "armed career criminal" following the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021) that offenses that can be committed with the reckless use of physical force or less are not ACCA "violent felonies." Defendant Crystal Carter, Warden of FCI Cumberland where Taylor is currently serving his sentence (hereinafter, "the Government"), opposes Taylor's request on jurisdictional grounds, arguing that the Court cannot hear the petition because *Borden* has not been deemed retroactive on collateral review by a relevant appellate court. Having reviewed the parties' briefs and finding no hearing being necessary, the Court agrees with the Government and **DENIES** Taylor's Application for Writ of Habeas Corpus (ECF No. 1) on the basis of lack of jurisdiction.

## I. BACKGROUND

In 2008, Taylor pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of using a firearm during and in relation to a "crime of violence," specifically Hobbs Act conspiracy, in violation of 18 U.S.C. § 924(c). The U.S. District Court for the Eastern District of North Carolina sentenced him to life in prison for the § 922(g)(1) conviction and 120 months consecutive imprisonment for the § 924(c) conviction. Taylor's life sentence was based in part on his designation as an "armed career criminal" under the ACCA because he had previous convictions for robbery, aggravated robbery, and assault with a deadly weapon inflicting serious injury.

On July 24, 2009, Taylor's appeal of his sentence was denied by the Fourth Circuit. *United States v. Taylor*, 377 F. App'x 342 (4th Cir. July 24, 2009). He then filed several petitions under 28 U.S.C. § 2255, which were denied in part and granted in part by the district court. Specifically, the court vacated Taylor's § 924(c) conviction after the Supreme Court voided the residual clause of § 924(c) in *United States v. Davis*, 139 S. Ct. 2319, 2324-33 (2019), but re-imposed a life term after determining that his robbery and aggravated robbery convictions remained ACCA "violent felonies." The Fourth Circuit denied a certificate of appealability with respect to this decision. *United States v. Taylor*, 801 Fed. App'x 203 (4th Cir. April 20, 2020).[1]

On February 27, 2023, Taylor filed the instant § 2241 petition, arguing that his sentence must be vacated because, after *Borden*, his two aggravated robbery convictions are no longer deemed "violent felonies" and he therefore can no longer be classified as an armed career

---

[1] In 2020, Taylor filed another § 2255 petition arguing that his § 922(g)(1) conviction was void in light of the Supreme Court's holding in *Rehaif v. United States*, 139 S. Ct. 2191 (2020) that the government must prove a defendant had knowledge of his prohibited status as a felon at the time he possessed a firearm. He subsequently withdrew that petition before the court could rule on it.

2

criminal. ECF No. 1. The Government opposes Taylor's request on jurisdictional grounds, ECF No. 12. Taylor filed a Reply to the opposition, ECF No. 14.

## II. LEGAL STANDARD

A defendant whose prior § 2255 petition has been denied may seek to vacate his sentence through an application for writ of habeas corpus under § 2241 if he meets the following requirements:

(1) At the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

## III. DISCUSSION

The parties dispute whether Taylor can meet the second prong of the *Wheeler* test.[2] Taylor says he has because *Borden* made a substantive change to the law and has been deemed to apply retroactively on collateral review by the Tenth Circuit in *United States v. Toki*, 23 F.4th 1277, 1281 (10th Cir. 2022). The Government argues that *Borden* does not represent a substantive change and has not been deemed retroactive on collateral review by either the Supreme Court or the Fourth Circuit, which it suggests are the only courts that can do so for § 2241 purposes.

---

[2] Taylor's brief discusses all four elements of the *Wheeler* test. ECF No. 1. The Government's brief only addresses the second prong of the test, which raises a threshold jurisdictional question, although it requested leave to file a merits brief if the Court ultimately determined that it had jurisdiction. ECF No. 12 at 2 n.1.

3

The Court agrees with Taylor that *Borden* represents a change to substantive law. A rule is substantive if "it alters the range of conduct or the class of persons that the law punishes." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004). In contrast, a change to a procedural rule "merely raises the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 352. Although neither the Fourth Circuit nor the Supreme Court has answered whether the *Borden* change is substantive, the Court believes that the case's holding is fairly considered to be a substantive rule change. By narrowing the definition of individuals who can be considered career offenders under the ACCA, *Borden* clearly "alters the range of conduct or the class of persons that the law punishes." *Schriro*, 542 U.S. at 353. Therefore, *Borden* reflects a substantive change to the law.

But for the purposes of the *Wheeler* test, it is not enough that a rule change is substantive; it must also have been deemed retroactive for purposes of collateral review. *Braswell v. Smith*, 952 F.3d 441, 447-50 (4th Cir. 2020). Generally, substantive rule changes such as that announced in *Borden* apply retroactively. *E.g.*, *Teague v. Lane*, 489 U.S. 288 (1989). But, as the Government points out, precedent from the Tenth Circuit, which deemed *Borden* retroactive in *Toki*, 23 F.4th at 1281, does not bind this Court. The Court believes that *Borden* will first have to be "deemed to apply retroactively on collateral review" by either of the two courts whose precedents bind this Court—the Fourth Circuit or Supreme Court—in order to meet the *Wheeler* requirements. Because neither court has yet to do so, the Government argues, *Borden* cannot be considered retroactive on collateral review and this Court lacks jurisdiction over Taylor's petition.

4

The Court agrees with the Government that it must await a determination from a court that binds this one, not some other appellate court in the country.[3] Two considerations undergird this interpretation of *Wheeler*. First, it is a well-settled principle that decisions of an appellate court are not binding on a district court in another circuit. *See CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020) ("Congress deliberately created a system of regional courts of appeals whose decisions are not binding on one another."); *Virginia Soc'y for Hum. Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393 (4th Cir. 2001) ("[A] federal court of appeals's decision is only binding within its circuit."), *overruled on other grounds by The Real Truth About Abortion, Inc. v. Fed. Election Comm'n*, 681 F.3d 544 (4th Cir. 2012); *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 118 (4th Cir. 2001) (explaining that the Court of Appeals for the Fourth Circuit has its "own duty to interpret the law" independent of the other circuit courts). Second, to vacate a sentence for a serious crime by a serious offender is not a step lightly taken. Simply because one or more appellate courts might be inclined to allow that to happen would close the door on possible contrary decisions by other appellate courts.

Because *Borden* has not been deemed retroactive on collateral review by either the Fourth Circuit or the Supreme Court, Taylor cannot be said satisfy the second prong of *Wheeler*. His petition is dismissed therefore dismissed on the basis of lack of jurisdiction.[4]

---

[3] Although not binding on this Court, a number of other district courts have suggested that retroactivity must be determined by an appellate court of controlling jurisdiction in order to satisfy the second prong of Wheeler. *United States v. Giles*, No. 22-CV-3354, 2022 WL 2791353, at *2 (N.D. Ill. July 15, 2022); *Knight v. Warden, FCI Beckley*, No. 5:20-CV-00329, 2021 WL 3361698, at *10 (S.D.W. Va. Apr. 29, 2021); *Hunt v. Rickard*, No. CV 1:18-01371, 2021 WL 932035, at *8 (S.D.W. Va. Mar. 11, 2021); *Lyons v. Janson*, No. 6:22-CV-03813-MGL-KFM, 2022 WL 19568006, at *4 (D.S.C. Nov. 17, 2022); *Adams v. United States*, No. 3:16-CR-00246-M-1, 2022 WL 3045745, at *2 (N.D. Tex. July 8, 2022).

[4] An appeal of the question of the retroactivity of *Borden* is pending before the Court of Appeals for the Fourth Circuit in the case *Chappelle v. Warden*, No. 22-6674.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. Taylor's Application for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) is **DENIED**.

A separate Order will ISSUE.

June 5, 2023

_____
PETER J. MESSITTE
United States District Judge